*361 JUSTICE NELSON,
dissenting.
¶45 I agree with Justice Wheat’s Dissent.
¶46 Article II, Section 16 of Montana’s Constitution guarantees to all Montanans, as a fundamental right,[1] that courts of justice shall be open to every person; that speedy remedy shall be afforded for every injury of person, property, or character; and that right and justice shall be administered without sale, denial, or delay. Coverage under the Workers’ Compensation Act (Title 39, chapter 71, MCA) provides the sole exception to these fundamental constitutional guarantees. This exception is premised on the existence of a real, bona fide, quid pro quo. And when the quid pro quo ceases to exist as a practical matter-that is, when it no longer fairly balances what employers and injured workers are getting for what they are giving up-the Workers’ Compensation Act exception to Article II, Section 16 is no longer met. While the Legislature has the power to determine and adjust the specifics of the quid pro quo from time to time, that body does not have the power to effectively abrogate it without destroying the constitutional exception itself.
¶47 This case may not be the case which raises that issue. But, given the direction of workers’ compensation reform, there will likely come a case which presents this Court with the issue of whether the whole Workers Compensation Act, or significant parts of it, has been rendered unconstitutional under Article II, Section 16 because, as a practical matter, the quid pro quo no longer exists.
¶48 I dissent.

 Walker v. State, 2003 MT 134, ¶ 74, 316 Mont. 103, 68 P.3d 872 (the rights found in Montana’s Declaration of Rights are “fundamental”).